Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1870 | **DATE** | 7/24/2001 |
| **CASE TITLE** | Anthony Williams vs. Chicago Transit Authority | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss (doc. #6)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's Motion to Dismiss (doc. #6) is **GRANTED**. Plaintiff is given leave to amend his complaint consistent with this Court's Memorandum Opinion by August 24, 2001. Defendant to answer the amended complaint by September 13, 2001. Status hearing to set discovery schedule set for September 27, 2001 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | JUL 27 2001 date docketed | 8 |
| | Notices mailed by judge's staff. | | CM docketing deputy initials | |
| | Notified counsel by telephone. | ED-7 FILED FOR DOCKETING 01 JUL 26 PM 6:19 | date mailed notice | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUL 27 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY WILLIAMS,** **Plaintiff,** | ) | |
| **v.** | ) | **CAUSE NO. 01C1870** |
| **CHICAGO TRANSIT AUTHORITY,** **Defendant.** | ) | **JUDGE WILLIAM J. HIBBLER** |

**MEMORANDUM OPINION**

Plaintiff Anthony Williams alleges that his employer, the Chicago Transit Authority ("Defendant" or "CTA") violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") when it discharged him on January 24, 2000. Defendant filed a Motion to Dismiss (doc. #6) in this Court. For the reasons set forth below, Defendant's Motion is **GRANTED.**

FACTS

Plaintiff began his employment with CTA in March 1983. On January 24, 2000, CTA terminated Plaintiff's employment because of excessive absenteeism. On July 26, 2000, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. In his Charge of Discrimination, Plaintiff alleged that CTA discharged him because of his hypertension. Plaintiff claims that during an administrative hearing to appeal his termination, he was told that "but for" the absenteeism caused by his hypertension, he would not have been terminated. Plaintiff claims that Defendant failed to engage in a dialog with him to determine why he was excessively absent, and had such a dialog occurred, Defendant would have known that an adverse reaction to the medication was the cause for the days missed. Plaintiff claims that, other than the fact that he was chronically absent, he could perform all the essential job



8

duties of his position with or without reasonable accommodation. On December 18, 2000, the EEOC issued a Right to Sue Letter informing Plaintiff of his right to file suit. Plaintiff brought this cause of action on March 16, 2001, and shortly thereafter, Defendant filed its motion to dismiss.

## MOTION TO DISMISS STANDARD

In considering a motion to dismiss, this Court must accept as true all well-pled factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). If it appears beyond a reasonable doubt that the plaintiff can prove any set of facts consistent with the allegations in the complaint, then dismissal is inappropriate. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Though a plaintiff is not required to plead all of the underlying facts supporting his claim, he may plead himself out of court by alleging facts that establish the defendant is entitled to prevail. *Bennet v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## ANALYSIS

Plaintiff claims he was discharged because of his absenteeism which resulted from his hypertension. Plaintiff states that he had an adverse reaction to medication he was taking for his hypertension, but subsequent to his discharge, his medication was changed and he no longer experiences the same adverse effects. Defendant claims that Plaintiff's allegations are insufficient because they allege neither discrimination nor a disability as defined by the ADA. Further, Defendant argues that Plaintiff fails to allege sufficient facts in support of his disparate treatment or failure to accommodate claims under the ADA.

There are two types of disability discrimination claims under the ADA: disparate treatment claims and failure to accommodate claims. *Wright v. Illinois Dept. of Corrections*,

204 F.3d 727, 730 (7th Cir. 2000). Defendant argues that Plaintiff's compliant fails under both of these types. "In order to establish a prima facie case a plaintiff must first demonstrate that he has a 'disability' within the meaning of the ADA." *Id.* (quoting *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1032 (7th Cir. 1999); *DeLuca v. Winer Industries, Inc.*, 53 F.3d 793, 797 (7th Cir. 1995)).

1. Plaintiff did not have a disability

In order to demonstrate a disability, Plaintiff must produce evidence that the impairment "substantially limits" a major life activity. 42 U.S.C. § 12102(2). Major life activities include working, seeing, walking, speaking, breathing, learning, and caring for ones self. *Id.* (quoting 29 C.F.R. § 1630.2(i)). However, certain impairments do not constitute a disability under the ADA if controlled by medication: specifically, hypertension. *Murphy v. United Parcel Service, Inc.*, 527 U.S. 516, 521 (1999). At the time of his dismissal Plaintiff was attempting to control his hypertension with medication which caused adverse side effects; he claims he no longer experiences the same adverse symptoms as his medication was changed subsequent to his discharge. This being the case, Plaintiff has failed to allege one of the elements that proves he has a disability under the ADA: that there is a limitation of a major life activity when he is properly medicated. Additionally, assuming his hypertension can now be controlled by the new medication without adverse side effects, his hypertension cannot be considered a disability within the ADA. *Haiman v. Village of Fox Lake*, 55 F. Supp.2d 886, 892 (N.D. Ill. 1999) (finding the plaintiff's brief inability to work was not a substantial limitation).

2. Defendant did not regard Plaintiff as being disabled

Plaintiff may also demonstrate a disability under the ADA by showing Defendant regarded him as having such an impairment. *Wright*, 204 F.3d at 730. "[A] person is 'regarded

as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Murphy*, 527 U.S. at 521-22. Defendant claims it did not regard Plaintiff as having such a disability. The record is not clear as to when Plaintiff informed Defendant that he had hypertension, he was having an adverse reaction to medication he was taking, and it was "substantially limiting" his work activities. This Court questions whether the Defendant could have regarded Plaintiff as having a disability if it had no knowledge of Plaintiff's illness. Even if Defendant did indeed know about Plaintiff's illness, Plaintiff must also show that the employer believed that one or more of his major life activities were substantially limited by the impairment. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 510 (7th Cir. 1998).

Plaintiff must also demonstrate the ability to perform the essential functions of the employment position as part of showing he has a disability. *Amadio v. Ford Motor Co.*, 238 F.3d 919, 925 (7th Cir. 2001). A plaintiff's lengthy absences from a job that requires regular attendance is conclusive of the fact that he could not perform all essential functions of his employment position. *Id.* at 928. The Seventh Circuit has delineated several employment positions it feels require attendance; this Court will assume Plaintiff's position as a maintenance transportation manager is one of those positions. In this case, Plaintiff claims that "[he] could perform all of the essential job duties of the position from which [he] was discharged, i.e. maintenance transportation manager, with or without reasonable accommodation." (Pl.'s Ex. A at 2.) However, this Court finds that Plaintiff could not perform his essential duties since he did not regularly attend work.

3. Defendant did not fail to reasonably accommodate Plaintiff

When a disabled employee cannot perform the essential functions of a job, the court must consider whether any reasonable accommodation by the employer would help the employee to perform those functions. *Amadio*, 238 F.3d at 928. Plaintiff claims that Defendant failed to provide reasonable accommodations. However, Defendant claims it had no knowledge of Plaintiff's illness, and therefore could not reasonably accommodate him.

"An employee has the initial duty to inform the employer of a disability before ADA liability may be triggered for failure to provide accommodations – a duty dictated by common sense lest a disabled employee keep his disability a secret and sue later for failure to accommodate." *Beck v. University of Wisconsin Board of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996). Thus the Act requires reasonable accommodations "to the known physical or mental limitations" of an employee. *Id.* (quoting 42 U.S.C. § 12112(b)(5)(A)). An employer that has no knowledge of an employee's disability cannot be held liable for not accommodating the employee. *Beck*, 75 F.3d at 1134. Plaintiff states that the person who discharged him, Mr. Mooney, "did not engage in any dialog with Plaintiff regarding his hypertension and the reason it was causing Plaintiff to take occasional days off." (Pl.'s Ex. A at 2.) It is not Defendant's responsibility to approach Plaintiff and inquire as to the reasons behind his absenteeism. If Plaintiff's hypertension was the reason behind his absenteeism, it was his duty alone to approach his employer to request reasonable accommodation as required by the ADA. There is no evidence to indicate that Defendant had any knowledge of Plaintiff's supposed disability, if perhaps only indirectly through the fact that Defendant was chronically absent from work.

## CONCLUSION

Because Plaintiff has failed to demonstrate that (1) he had a disability under the ADA, (2) Defendant regarded him as being disabled, and (3) Defendant failed to accommodate his alleged disability, this Court **GRANTS** Defendant's Motion to Dismiss (doc. #6). This Court **dismisses** Plaintiff's complaint with leave to amend, assuming Plaintiff can demonstrate his prima facie case under the ADA and the applicable case law of the Seventh Circuit.

**IT IS SO ORDERED.**
**DATED:** July 24, 2001

Wm. J. Hibbler

**WILLIAM J. HIBBLER, DISTRICT JUDGE**